DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NEWCASTLE SHIPYARDS, LLC,** a Florida Limited Liability Company,
**ALPHA MARITIME LIMITED,** a foreign entity, and **ALLEY, MAASS,
ROGERS & LINDSAY, PA,** a Florida business entity,
Appellants,

v.

**C & N YACHT REFINISHING, INC.,** a Florida Corporation,
Appellee.

No. 4D14-2340

[June 17, 2015]

CORRECTED OPINION

Appeal of a non-final order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Thomas M. Lynch, IV, Judge; L.T. Case
No. CACE 13027214 (05).

Robert D. McIntosh and Adam B. Cooke of McIntosh Schwartz, P.L.,
Fort Lauderdale, for appellants.

Carol A. Gart of Carol A. Gart, P.A., Boca Raton, for appellee.

PER CURIAM.

We reverse the trial court's order denying arbitration of claims against
appellants Alpha and Alley, Maass, Rogers & Lindsay.[1]  Although the
contract involved in this suit had provisions regarding dispute resolution
referred to as "Mediation," those provisions in fact established an
arbitration procedure.  *See Advanced Bodycare Solutions, LLC v. Thione
Int'l, Inc.*, 524 F.3d 1235, 1240 n.4 (11th Cir. 2008) ("Normally labels do
not control; indeed, if an agreement specifies in detail a dispute resolution
procedure which it calls 'mediation' (or anything else) but which is, in
substance, FAA 'arbitration,' substance controls over title."); *see also* §
44.1011(1)-(2), Fla. Stat. (2010) (defining arbitration and mediation).

---

[1] Because appellant Newcastle, the original contracting party, has filed a
suggestion of bankruptcy, these proceedings are stayed as to it.

Although appellee argues that the original contract was concluded through a Termination Agreement, which did not contain an arbitration clause, that agreement was not signed by appellants other than Newcastle. Thus, a factual question remains as to whether Newcastle was acting on behalf of the remaining appellants in signing the agreement and whether this constituted a waiver of any arbitration right.

We reject appellee's contention that the issues raised in the complaint are not subject to arbitration. The parties' contract requires arbitration of all disputes "that might arise under the terms of this Agreement," and appellee sued for breach of that agreement and for fraudulent inducement of the later Termination Agreement. Although appellee sought damages on the fraudulent inducement claim, this case is distinguishable from *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306 (Fla. 2000), because appellee did not allege it had received payment under the Termination Agreement, and because its fraudulent inducement claim was premised on the unenforceability of the Termination Agreement: that is, appellee alleges that Newcastle fraudulently misrepresented that the Agreement was enforceable against Alpha. Thus, this is not a case where a plaintiff has ratified the terms of a contract by accepting benefits gained under it. *Id.* at 313. Appellee also argues that the arbitration provisions were not intended to operate as an irrevocable substitution for litigation, *see Aberdeen Golf & Country Club v. Bliss Construction*, 932 So. 2d 235, 236-37 (Fla. 4th DCA 2005), but we find the provisions were so intended, because they state that arbitration is the "sole and exclusive remedy available to either party" and that "[f]ormal court action shall only be employed to enforce the Mediator's decision." *See BallenIsles Country Club, Inc. v. Dexter Realty*, 24 So. 3d 649, 653-54 (Fla. 4th DCA 2009).

*Reversed and remanded for further proceedings.*

WARNER, STEVENSON and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2